UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:18-CR-116-TAV-HBG |
| ROBERT MICHAEL FORD, | ) | |
| Defendant. | ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Judge as may be appropriate. This matter came before the Court on October 22, 2018, for a motion hearing on the Defendant's Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 13], filed on October 12, 2018. Assistant United States William Roach appeared on behalf of the Government. Assistant Federal Defender Paula R. Voss represented the Defendant, who was also present.

In his motion, the Defendant asks for a psychological evaluation by the Bureau of Prisons of his competency to stand trial and the need for any medication. Defense counsel expresses concern about the Defendant's mental capacity and his ability to assist in his defense. The motion relates that the Defendant was previously found to be not guilty by reason of insanity in a state criminal case. It states that the Defendant was receiving mental health care and medication, until he was incarcerated in this case. In his motion, the Defendant also provides notice of his intent to rely on a defense of insanity at trial, pursuant to Federal Rule of Criminal

Procedure 12.2(a), and requests an evaluation of his sanity at the time of the offense pursuant to 18 U.S.C. § 4242.

On October 12, 2018, the Government responded [Doc. 14] that it does not oppose the Defendant's request for a competency evaluation. In light of the Defendant's notice of intent to rely on an insanity defense, the Government also requests an evaluation of the Defendant's sanity at the time of the offense, pursuant to 18 U.S.C. § 4242.

At the October 22 hearing, Attorney Voss stated that Defendant Ford was found not guilty by reason of insanity in the Cumberland County Criminal Court. She stated that he has been treated at Middle Tennessee Mental Health Institute and Moccasin Bend Mental Health Institute. Ms. Voss said that prior to his detention in this case, the Defendant received monthly shots relating to his mental condition. Ms. Voss noted that, although Defendant Ford has been compliant, he has been confused and delusional in working with her on this case. He also did not appear to understand her advice to him, because he reported to his parents that she told him something other than what she said to him. Finally, Ms. Voss stated that she was exploring the possibility of an insanity defense in this case and had filed a notice in that regard.

AUSA Roach confirmed that the Government did not object to the requested competency evaluation. He stated that, based upon Ms. Voss's representations and the Defendant's motion, the Government believed the reasonable cause standard is met in this case. The parties agreed to appear for a competency hearing or status conference in this case on January 22, 2018, at 11:00 a.m.

Based upon the information presented in the motion and at the hearing, the Court finds that reasonable cause exists to believe that the Defendant may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to

understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court also concludes that reasonable cause exists to warrant a mental examination and evaluation of the Defendant under 18 U.S.C. § 4241(a). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 13**] to undergo a competency evaluation. The Court also **GRANTS** the Government's request for an evaluation of the Defendant's sanity at the time of the charged offenses. *See* 18 U.S.C. § 4242(a) (providing for a sanity evaluation upon the motion of the government). It is hereby **ORDERED**, pursuant to Title 18, Sections 4241(b), 4242(a), 4247(b), and 4247(c), of the United States Code, as follows:

(1) The Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the Defendant shall be transported by the United States Marshals Service to such facility.

(2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of the Defendant for the purpose of determining

   (a) whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

   (b) to determine the Defendant's sanity at the time of the alleged offense.

(3) Pursuant to Federal Rule of Criminal Procedure 12.2(c), the Defendant is to submit to such examinations as ordered above.

(4) The Defendant shall be given any necessary medications, if determined appropriate by the medical staff at the facility.

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for the Defendant and counsel for the United States, and said report shall include:

(a) the Defendant's history and present symptoms;

(b) a description of the psychiatric, psychological and medical tests that were employed and their results;

(c) the examiner's findings;

(d) the examiner's opinions as to diagnosis and prognosis,

(e) the examiner's opinion as to whether the Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

(f) the examiner's opinion as to the Defendant's sanity at the time of the alleged offenses.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, the Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period of time not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

(7) The Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that time period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **January 22, 2019, at 11:00 a.m.** If the Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If the Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify the Clerk of the Court and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If the Defendant has returned in time, the marshals shall bring him to the **January 22, 2019** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the Defendant's trial date is held in abeyance, to be reset upon his return to the district, if he is found to be competent. All time during which the Defendant is undergoing a mental examination for competency, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act.

(11)  The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_____
United States Magistrate Judge