# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:18-CR-116-TWP-HBG |
| | ) | |
| ROBERT MICHAEL FORD, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b). This case came before the undersigned on March 6, 2019, for a competency hearing. Assistant United States Attorney Matthew T. Morris appeared on behalf of the Government. Assistant Federal Defender Jonathan A. Moffatt represented the Defendant, who was also present. AUSA Morris asked the Court to find Defendant Ford to be competent and to set the case for trial. Mr. Moffatt also requested a trial date.

The Court and the parties have received the seventeen (17)-page Competency to Stand Trial Evaluation [Doc. 21, SEALED] by Forensic Psychologist Cynthia A. Low, Ph.D., of the Federal Detention Center in SeaTac, Washington ("FDC SeaTac"). Dr. Ford finds that although the Defendant has mental illness, it is in partial remission and does not significantly impair his daily functioning. At FDC SeaTac, Defendant Ford was maintained on the psychotropic medication Abilify. Dr. Low strongly suggested that the Defendant be restarted on his former medication Prolixin IM, if it is available. She also found that the Defendant has an average understanding of his charges, court participants, and court procedures. Dr. Low opined that

Defendant Ford has "an average ability" to understand the proceedings and "an adequate ability" to assist counsel with his defense.

The parties stipulated to Dr. Low's report, which has been filed in the record under seal [Doc. 21]. Mr. Moffatt said that he had reviewed Dr. Low's report with the Defendant. Neither the Government, nor Defendant Ford, sought to offer any other evidence for the Court to consider on the issue of the Defendant's competency.

Based upon Dr. Low's report and pursuant to 18 U.S.C. § 4241(d), the Court finds by a preponderance of the evidence that Defendant Ford is able to understand the nature and consequences of the charges and proceedings against him and to assist properly in his defense. Accordingly, the Court finds that the Defendant is **COMPETENT** to proceed to trial. At the time of the Defendant's commitment for a mental evaluation, his November 5, 2018 trial date was removed [Doc. 15], to be reset upon a finding that the Defendant is competent. At the March 6 hearing, the parties agreed to a new trial date of May 7, 2019.

The Court finds the ends of justice served by setting a trial date of May 7, 2019, outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that all the time between the Defendant filing a motion for a competency evaluation [Doc. 12] on October 12, 2018, and the competency hearing on March 6, 2019, to be fully excludable under the Speedy Trial Act, because the Defendant was undergoing an examination to determine his competency to proceed.[1] *See* 18 U.S.C. § 3161(h)(1)(A) & -(D); *see also* 18 U.S.C. § 3161(h)(1)(F) (excluding up to ten days of time for transportation to and from places of examination and hospitalization). The Defendant only recently arrived back in this district from his mental evaluation in Washington state. Mr. Moffatt needs time to consult with

---

[1] The Court observes that the Defendant also received an evaluation of his sanity at the time of the offense, pursuant to the request of the parties.

the Defendant, to interview witnesses, and to prepare for trial. The Court finds that the failure to extend the trial date to May 7, 2019, would deny defense counsel the reasonable time necessary to prepare for trial effectively, even while taking into account counsel's use of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

The trial is reset for **May 7, 2019**. The Court also finds that all the time between the filing of the motion for a competency evaluation on October 12, 2018, and the new trial date of May 7, 2019, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(A), -(1)(D), -(1)(H), & -(7)(A)-(B). With regard to additional scheduling in this case, the parties are to appear before the undersigned for a final pretrial conference on **April 23, 2019, at 11:00 a.m.** This date shall also be the new deadline for concluding plea negotiations and providing reciprocal discovery. The Court instructs the parties that all motions *in limine* must be filed no later than **April 22, 2019**. Special requests for jury instructions shall be submitted to the District Judge no later than **April 26, 2019**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

 (1) The Defendant is **COMPETENT** to proceed to trial;

(2) The trial of this matter reset to **May 7, 2019**, **at 9:00 a.m.**, before the Honorable Thomas W. Phillips, United States District Judge;

(3) All time between the motion for competency evaluation on **October 12, 2018**, and the new trial date of **May 7, 2019**, is fully excludable under the Speedy Trial Act for the reasons set forth herein;

(4) The parties are to appear before the undersigned for a final pretrial conference on **April 23, 2019, at 11:00 a.m.** This date is also the deadline for concluding plea negotiations and providing reciprocal discovery;

(5) Motions *in limine* must be filed no later than **April 22, 2019**;

(6) Special requests for jury instructions with appropriate citations shall be submitted to the District Judge by **April 26, 2019**;

(7) The United States Marshals Service is **DIRECTED** to assure that the Defendant receives his prescribed medications, while he is detained in this case; and

(8) The Clerk of Court is **DIRECTED** to serve a copy of this Memorandum and Order on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

United States Magistrate Judge